# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CATO WALTHOUR, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| RAYONIER INC., | : | |
| Defendant. | : | NO. CV206-41 |

### O R D E R

In October 2004, Plaintiff instituted a similar suit against Defendant, which was found to be without merit. <u>Walthour v. Rayonier, Inc.</u>, CV204-133, Dkt. No. 67 (S.D. Ga. Nov. 30, 2005)(race discrimination and intentional infliction of emotional distress claims), <u>aff'd</u>, No. 05-17054, 2006 U.S. App. LEXIS 20342 (11th Cir. Aug. 8, 2006).

Walthour now complains that he was discriminated against on the basis of his age and race because of Rayonier's failure to promote him as a relief supervisor for one day, on February 10, 2006. Walthour concedes that the alleged discrimination has not reoccurred since that date.

AO 72A
(Rev. 8/82)

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Court concludes that the instant suit is similarly devoid of merit. Walthour cannot demonstrate a prima facie case of age discrimination because the person who was promoted in his stead, Robert Lynn, was only two years his junior. Pace v. So. Ry. Sys., 701 F.2d 1383, 1390 (11th Cir. 1983); Waldemar v. Am. Cancer Soc'y, 971 F. Supp. 547, 558 (N.D. Ga. 1995).

Likewise, Rayonier is entitled to judgment as a matter of law on Walthour's race discrimination claim. Defendants have presented evidence that Lynn was selected based on his competence, prior performance, and demonstrated leadership ability. Plaintiff's allegation that Lynn was friends with the supervisor, Reed Brown, is insufficient to show racial discrimination. Phillips v. Hibbett Sporting Goods, Inc., 329 F. Supp. 2d 1280, 1291 n.8 (M.D. Ala. 2004); McMillan v. Svetanoff, 878 F.2d 186, 189 (7th Cir. 1989). Walthour has presented no evidence that Defendant's promotion rationale was

a pretext for discrimination. <u>Elrod v. Sears, Roebuck & Co.</u>, 939 F.2d 1466, 1470 (11th Cir. 1991).

Defendant contends that Walthour's intentional infliction of emotional distress claim is precluded by res judicata, having been litigated and found baseless in the prior suit. Indeed, Rayonier moves for sanctions based on Plaintiff's assertion of this claim in his current action.

Nonetheless, Rayonier has cited no authority in support of the notion that it is immune from suit because distinct allegations were found to be wanting in previous litigation. The allegations raised in this suit are different, if not any stronger. While Walthour's allegations are not sufficient to demonstrate a legally cognizable claim of intentional infliction of emotional distress, they are not barred by res judicata. <u>Ward v. Papa's Pizza To Go</u>, 907 F. Supp. 1535, 1539-40 (S.D. Ga. 1995). Consequently, Rayonier's motion for sanctions is due to be denied.

For the foregoing reasons, Rayonier's motion for summary judgment is **GRANTED**, and Rayonier's motion for sanctions is **DENIED**. The Clerk shall enter judgment accordingly. Dkt. Nos. 24 & 27.

**SO ORDERED**, this 22nd day of December, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA